IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MAHA KHEDR

      PLAINTIFF,

v.                              CASE NO.:

TOUCHPOINT SUPPORT
SERVICES, LLC,

      DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Maha Khedr, (hereinafter referred to as the "Plaintiff" or "Khedr"), by and through his undersigned attorney, sues the defendant, Touchpoint Support Services, LLC, (hereinafter referred to as the "Defendant" or "Touchpoint"), and alleges as follows:

### *JURISDICTION AND VENUE*

1. Plaintiff brings this is an action to remedy discrimination on the basis of race, national origin and hostile work environment and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981.

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

1

2. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

3. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

4. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

5. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202129289) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100512) on April 29, 2021. The FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her ninety (90) day Notice of Right to Sue letter from the EEOC which was received on May 5, 2022.

## *PARTIES*

6. Plaintiff is a citizen of the State of Florida and a resident of Escambia County and resides in Pensacola, Florida.

7. Defendant, Touchpoint Support Services, LLC, is licensed to do and

doing business in the State of Florida, Escambia County.

## *FACTS*

8. Plaintiff is an Egyptian female.

9. Plaintiff was employed by Defendant where she worked as a House Keeping Specialist from September 2020 until January 27, 2021.

10. Plaintiff performed the duties of this position in a more than satisfactory manner and without any disciplinary issues.

11. In late fall of 2020, Defendant hired a new manager (Douglas) who was assigned to Defendant's Pensacola facility, as Plaintiff's previous manager, who hired her, was no longer employed with Defendant.

12. After Douglas was hired, he began to harass Plaintiff about her accent, lack of fluent English and being a foreigner.

13. Douglas would harass Plaintiff about her race and national origin, associating the two to her alleged body odor.

14. Plaintiff explained to Douglas that she followed the traditions related to her Egyptian national origin and religion.

15. Plaintiff reported the discrimination and harassment, but to no avail. The harassment only became worse.

16. Plaintiff's coworkers constantly belittled her because of her Egyptian nationality and race.

17. Her co-workers would often made comments that she should go back to her country, that she was not wanted here.

18. Plaintiff's co-worker would make comments to her that it wasn't their fault that she has a different accent and was from a foreign country.

19. Her co-workers harassed Plaintiff's about her husband by making fun of him and teasing Plaintiff that they were going to beat him up because he was a foreigner.

20. Since Douglas did nothing about the co-worker harassment and was harassing her himself, Plaintiff went to speak with Eric (manager), and took her husband because her English is not very good, to file a complaint with him about how Douglas treated her and made comments about her accent and 'odor,' and about how the other co-workers treated her. They also asked Eric to investigate these things.

21. During their meeting with Eric, Douglas was standing outside the office. Plaintiff thought Eric was going to bring him in so they could talk face to face; however, Eric instead told them Douglas was not in the office (even thought he was right outside the door).

22. Nothing was done about Plaintiff's complaints.

23. On January 15, 2021, Plaintiff was feeling ill from her high blood sugar caused by her diabetes and reported this to Douglas and Karen (Supervisor)

and requested to go home.

24. Karen sent Plaintiff home and said she would be in contact with her.

25. On January 27, 2021, Plaintiff was informed by telephone that her employment with Defendant was being terminated.

26. Plaintiff was subjected to disparate treatment and different terms and conditions of her employment and was held to a different standard because of her race and national origin and was retaliated against for opposing and reporting the unlawful discrimination to which she was being subjected.

*FIRST CAUSE OF ACTION*
*(RACE DISCRIMINATION- FEDERAL CLAIM - 42 U.S.C. § 1981)*

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 26 of this complaint with the same force and effect as if set forth herein.

28. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

29. Plaintiff is an Egyptian female.

30. Plaintiff was more than qualified for the position a Housekeeping Specialist and performed the duties and responsibilities of a housekeeper in a more than satisfactory manner.

31. Plaintiff's employment with Defendant was terminated on January 27,

2021.

32. Plaintiff was consistently treated less favorably than her Non-Egyptian co-workers.

33. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
### *(RACE RETALIATION/HOSTILE WORK ENVIRONMENT- 42 U.S.C. § 1981)*

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 26 of this complaint with the same force and effect as if set forth herein.

35. Defendant has retaliated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

36. Plaintiff is an Egyptian female.

37. Plaintiff was more than qualified for the position a Housekeeping Specialist and performed the duties and responsibilities of a housekeeper in a more than satisfactory manner.

38. Plaintiff's employment with Defendant was terminated on January 27, 2021.

39. Plaintiff was consistently treated less favorably than her Non-Egyptian co-workers.

40. In the weeks prior to Plaintiff's termination, she provided a formal complaint to Defendant which outlined the discrimination she was being subjected to.

41. On January 27, 2021, only weeks after having reported the racial discrimination to her managers, Plaintiff's employment with Defendant was terminated.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## THIRD CAUSE OF ACTION
*(Race Discrimination-– Title VII)*

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 26 of this complaint with the same force and effect as if set forth herein.

44. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

45. Plaintiff is an Egyptian female.

46. Plaintiff was more than qualified for the position a Housekeeping Specialist and performed the duties and responsibilities of a housekeeper in a more than satisfactory manner.

47. Plaintiff's employment with Defendant was terminated on January 27,

2021.

48. Plaintiff was consistently treated less favorably than her Non-Egyptian co-workers.

49. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION
### (RACE RETALIATION/HOSTILE WORK ENVIRONMENT - TITLE VII)

50. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 26 of this complaint with the same force and effect as if set forth herein.

51. Defendant retaliated against Plaintiff engaging in a protected activity in the terms and conditions of her employment on the basis of her race in violation of Title VII.

52. Plaintiff is an Egyptian female.

53. Plaintiff was more than qualified for the position a Housekeeping Specialist and performed the duties and responsibilities of a housekeeper in a more than satisfactory manner.

54. Plaintiff's employment with Defendant was terminated on January 27, 2021.

55. Plaintiff was consistently treated less favorably than her Non-

Egyptian co-workers.

56. In the weeks prior to Plaintiff's termination, she provided a formal complaint to Defendant which outlined the discrimination to which she was being subjected.

57. On January 27, 2021., only weeks after having reported the racial discrimination to her managers, Plaintiff's employment with Defendant was terminated.

58. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### *FIFTH CAUSE OF ACTION*
*(NATIONAL ORIGIN DISCRIMINATION- FEDERAL CLAIM - 42 U.S.C. § 1981)*

59. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 27 of this complaint with the same force and effect as if set forth herein.

60. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

61. Plaintiff is an Egyptian female.

62. Plaintiff was more than qualified for the position a Housekeeping Specialist and performed the duties and responsibilities of a housekeeper in a more

than satisfactory manner.

63. Plaintiff's employment with Defendant was terminated on January 27, 2021.

64. Plaintiff was consistently treated less favorably than her Non-Egyptian co-workers.

65. In the weeks prior to Plaintiff's termination, she provided a formal complaint to Defendant which outlined the discrimination to which she was being subjected.

66. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *SIXTH CAUSE OF ACTION*
*(NATIONAL ORIGIN RETALIATION/HOSTILE WORK ENVIRONMENT- 42 U.S.C. § 1981)*

67. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34 of this complaint with the same force and effect as if set forth herein.

68. Defendant has retaliated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

69. Plaintiff is an Egyptian female.

70. Plaintiff was more than qualified for the position a Housekeeping Specialist and performed the duties and responsibilities of a housekeeper in a more

than satisfactory manner.

71. Plaintiff's employment with Defendant was terminated on January 27, 2021.

72. Plaintiff was consistently treated less favorably than her Non-Egyptian co-workers.

73. In the weeks prior to Plaintiff's termination, she provided a formal complaint to Defendant which outlined the discrimination to which she was being subjected.

74. On January 27, 2021., only weeks after having reported the racial discrimination to her managers, Plaintiff's employment with Defendant was terminated.

75. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

*SEVENTH CAUSE OF ACTION*
*(National Origin Discrimination-– Title VII)*

76. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 27 of this complaint with the same force and effect as if set forth herein.

77. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

78. Plaintiff is an Egyptian female.

79. Plaintiff was more than qualified for the position a House Keeping Specialist and performed the duties and responsibilities of a housekeeper in a more than satisfactory manner.

80. Plaintiff's employment with Defendant was terminated on January 27, 2021.

81. Plaintiff was consistently treated less favorably than her Non-Egyptian co-workers.

82. In the weeks prior to Plaintiff's termination, she provided a formal complaint to Defendant which outlined the discrimination to which she was being subjected.

83. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

*EIGHTH CAUSE OF ACTION*
*(NATIONAL ORIGIN RETALIATION/HOSTILE WORK ENVIRONMENT - TITLE VII)*

84. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 27 of this complaint with the same force and effect as if set forth herein.

85. Defendant retaliated against Plaintiff engaging in a protected activity in the terms and conditions of her employment on the basis of her race in violation

of Title VII.

86. Plaintiff is an Egyptian female.

87. Plaintiff was more than qualified for the position a House Keeping Specialist and performed the duties and responsibilities of a housekeeper in a more than satisfactory manner.

88. Plaintiff's employment with Defendant was terminated on January 27, 2021.

89. Plaintiff was consistently treated less favorably than her Non-Egyptian co-workers.

90. In the weeks prior to Plaintiff's termination, she provided a formal complaint to Defendant which outlined the discrimination to which she was being subjected.

91. On January 27, 2021., only weeks after having reported the racial discrimination to her managers, Plaintiff's employment with Defendant was terminated.

92. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a

judgment:

a) Declaring the acts and practices complained of herein are violation of Title VII and 42 U.S.C. § 1981;

b) Enjoining and permanently restraining those violations of Title VII and 42 U.S.C. § 1981;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e) Awarding Plaintiff Front Pay in lieu of reinstatement;

f) Awarding Plaintiff compensatory damages;

g) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h) Granting such other and further equitable relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: August 2, 2022.

By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF CLAYTON M. CONNORS, PLLC**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
*Attorney for the Plaintiff*